

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00173-CR

**DARRELL FERGUSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D34418-CR

## ABATEMENT ORDER

On March 27, 2013, appellant, Darrell Carlin Ferguson, filed his notice of appeal in the trial court, challenging his judgment of conviction for continuous sexual abuse of a young child or children, a first degree felony. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2012). Ordinarily, criminal appellants attach a copy of the judgment and the trial court's certification of right of appeal to their notice of appeal. Appellant did not.[1]

---

[1] We note that appellant erroneously directed his notice of appeal to the Fifth Court of Appeals in Dallas, Texas, rather than the Tenth Court of Appeals in Waco, Texas—the court with appellate

On May 28, 2013, Joshua B. Tackett, the Navarro County District Clerk, forwarded appellant's notice of appeal to this Court. Tackett also included a letter which stated the following: "Please find enclosed the notice of appeal. As of this date, Mr. Graham has not filed with this office the trial court's certification." In light of this letter, on June 5, 2013, this Court sent appellant a letter inquiring about the trial court's certification of right of appeal. In our letter we requested that appellant respond within thirty days of June 5, 2013, and provide this Court with a copy of the trial court's certification of appellant's right of appeal. At that point, the Clerk's Record had not been filed.

We have received no correspondence from appellant in this case. Further, on July 5, 2013, the Clerk's Record was filed in this case. Upon review, we do not find a certification of appellant's right of appeal in the Clerk's Record.

At this point, we abate this cause to the trial court with instructions to hold a hearing to determine: (1) why a certification of appellant's right of appeal has not been included in the Clerk's Record, *see* TEX. R. APP. P. 25.2(a)(2), (d); (2) whether appellant's attorney has abandoned the appeal; (3) whether appellant still desires to proceed with the appeal; (4) whether appellant is receiving effective assistance of counsel; and (5) whether appellant desires to represent himself or obtain new counsel.[2] *But see id.* at R.

---

jurisdiction over a case originating in Navarro County, Texas. *See* TEX. GOV'T CODE ANN. § 22.201(k) (West Supp. 2012) ("The Tenth Court of Appeals district is composed of the counties of . . . Navarro . . . .").

[2] The Reporter's Record indicates that when the trial court pronounced appellant's sentence, it noted that appellant has "a right of appeal in this case as in any criminal case."

25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.").

The trial court shall conduct the hearing within twenty-one (21) days after the date of this order. The trial court clerk and court reporter shall file supplemental records within thirty-five (35) days after the date of this order.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal abated
Order issued and filed July 25, 2013
Do not publish